*335 ORDER (Pinal Judgment)
AMANDA L. ROCKMAN, Associate Judge.
INTRODUCTION
The Couit must determine whether to grant the plaintiffs request for relief. The Court holds that the defendants did not afford the plaintiff minimum procedural due process in connection with her discharge from employment. Therefore, the Court reverses the plaintiffs termination and awards appropriate relief. The analysis of the Court follows below.
PROCEDURAL HISTORY
The Court recounts the procedural history in significant detail in its previous judgment. Order (Denying Defs.' Mot. for Summ. J.), CV 03-09 (HCN Tr. Ct., July 23, 2003). For the purpose of this judgment, each party submitted exhibit lists for use at Trial. The plaintiff filed the Plaintiffs Exhibits List: on July 24, 2003, and the defendants filed the Defendants’ Trial Exhibit List on July 21, 2003. The Court convened Trial on July 30-31, 2003 at 9:00 a.m. CDT. The following parties appeared at Trial: Faye Begay, plaintiff; Attorney Jo Ann Jones, plaintiffs counsel; Jean Day, defendant, Greg Garvin, defendant, and DOJ Attorney Leslie Parker Cohan, defendants’ counsel; and further James Lambert, Jeff McDonald, Marcella Patton, Nela Stacy, and Scott Beard.[1]
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Article VI—Executive
Sec. 1. Composition, of the Executive.
(b) The Executive Branch shall be composed of any administrative Depart *336 ments created by the Legislature, including a Department of the Treasury, Justice, Administration, Housing, Business, Health and Social Services, Education, Labor, and Personnel, and other Departments deemed necessary by the Legislature. Each Department shall include an Executive Director, a Board of Dmectors, and necessary employees. The Executive Director of the Department of Justice shall be called the Attorney General of the Ho-Chunk Nation. The Executive Director of the Department of the Treasury shall be called the Treasurer of the Ho-Chunk Nation.
Article X—Bill of Rights
Sec. 1. Bill of Rights.
(a) The Ho-Chunk Nation, in exercising its powers of self-government, shall not:
(8) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without the due process of law; HO-CHUNK NATION PERSONNEL POLICIES AND PROCEDURES MAN UAL (updated Jan. 22, 2004)
Ch. 12—Employment Conduct, Discipline, and Administrative Review
C. Performance [p. 56]
1. Inefficiency, incompetency, or negligence in the performance of duties, including failure to perform assigned tasks or training or failure to discharge duties in a prompt, competent, and reasonable manner.
ENTERPRISE EMPLOYEES ONLY //>. 61]
The following Administrative Review Process is to be followed in seeking relief for all grievances. The burden of proof is on the grievant to show that what he/she is claiming, actually happened. All grievances will be courtesy copied to the Personnel Department promptly, by the grievant. This proof may include documentation and witness statements.
1. A grievance will be submitted directly to the immediate supervisor and the Personnel Department within five (5) calendar days of the disciplinary action by the grievant. The supervisor will meet with the General/Facility Manager to discuss and investigate the grievance. Together, the supervisor and the General/Facility Manager will document and sign the response within ten (10) calendar days of receipt. The grievant will be notified of the response by certified mail with a courtesy copy sent to the Personnel Department.
2. Within five days after the end of the previous deadline, and [sic] appeal may be filed in writing to the Executive Director or his/her designee. The appeal may be submitted to level 2, if the griev-ant has not received a response to the grievance or has not reached an acceptable agreement in seeking [sic] to the grievance. The Executive Director has fifteen days for initial review and response. The response shall be sent to the appellant by certified mail with a courtesy copy sent to the Personnel Department.

Limited Waiver of Sovereign Immunity [p. 62]

The HoChunk [sic] Nation hereby expressly provides a limited waiver of sovereign immunity to the extent that the Court may award monetary damages for actual lost wages and benefits established by the employee in an amount not to exceed $10,000, subject to applicable taxation. Any monetary award granted under this Chapter shall be paid out of the departmental budget from which the employee grieved. In no event shall the *337 Trial Court grant any monetary award compensating an employee for actual damages other than with respect to lost wages and benefits. The Trial Court specifically shall not grant any monetary award against the Nation or its officials, officers, and employees acting within the scope of their authority on the basis of injury to reputation, defamation, or other similar invasion of privacy claim; nor shall the Trial Court grant any punitive or exemplary damages.
The Trial Court may grant equitable relief mandating that the HoChunk [sic ] Nation prospectively follow its own laws, and as necessary to remedy any past violations of tribal law. Other equitable remedies shall include, but not be limited to: an order of the Court to the Personnel Department to reassign or reinstate the employee, a removal of negative references from the personnel file, an award of bridged service credit, and a restoration of seniority. Notwithstanding the remedial powers noted in the Resolution, the Court shall not grant any remedies that are inconsistent with the laws of the HoChunk [sic ] Nation. Nothing in this Limited Waiver or within the Personnel Policies and Procedures Manual shall be construed to grant a party any legal remedies other than those included in the section. (RESOLUTION 06/09/98A)
Ch. 14—Definitions [p. 67]
Comparable Wage—A wage that is within one (1) dollar of the current wage. (RESOLUTION 08/10/99C)
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 53. Relief Available.
Except in a Default Judgment, the Court is not limited to the relief requested in the pleading and may give any relief it deems appropriate. The Court may only order such relief to the extent allowed by Ho-Chunk Nation enactments. The Court may order any party to pay costs, including attorney’s fees, filing fees, costs of service and discovery, jury and witness costs. Findings of fact and conclusions of law shall be made by the Court in support of all final judgments.
Rule 58. Amendment to or RelieJ from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment *338 commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in which to file a Motion to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Koissuance of Judgment. Clerical errors in a court record, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(l)(a)(i) or (ii); did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Ghunk Nation Rules of Appellate Proced/ure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the HCN Rules of Appellate Procedure.
FINDINGS OF FACT
1. The parties received proper notice of the July 30-31, 2003 Trial
2. The plaintiff, Faye Begay, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A002255, and resides at 102 Maplewood Court, # 2, P.O. Box 602. Black River Falls, WI 54615. Am, Com pi. at 1. The plaintiff was employed as Supportive Education Service Division Manager, a division within the Ho-Chunk Nation Department of Education (hereinafter Education Department), located on trust lands at W9814 Airport Road, P.O. Box 667, Black River Falls, WI. See Dkp’t ok Educ. Establishment & Org. Act OF 2001,1 HCC § 3(5)(c); http: //www.ho-chunknation.com/govei’nment/executive/ org_chart.htm (last visited Nov. 8, 2006) (on file with Edue. Dep’t).
3. The defendant, Ho-Chunk Nation (hereinafter HCN or Nation), is a federally recognized Indian tribe with principal offices located on trust lands at HCN Headquarters, W9814 Airport Road, P.O. Box 667, Black River Falls, WI. See 70 Fed: Reg. 71194 (Nov. 25, 2005). The defendant, Jean Day, formerly served as the Education Department Executive Director. The defendant, Greg Garvin, formerly *339 served as Office of the President Executive Administrative Officer.
4. The plaintiff began employment as Supportive Education Service Division Manager on April 3, 2000. See Defs.’ Ex. Q at 2.
5. The plaintiff received a five (5) page letter from Ms. Day entitled Termination of Employment with the Ho-Chunk Nation (hereinafter Termination Letter) on January 8, 2003. Dels.’ Ex. C. The Termination Letter indicated that the plaintiff was terminated for “infractions that occurred during [her] tenure in the position as Division Manager of Supportive Education.’’ Id,
6. Ms. Day indicated that she “had wanted to do [the termination] earlier in the day, so that we could sit down and talk about it. Unfortunately, [there] were a lot of meetings that day. 'It didn’t happen until about 4 o’clock.” Trial (LPER, July 31, 2003, 10:39:52 a.m. CDT). Ms. Day further indicated that it was “very unfortunate, and nothing that I really wanted to do, but something that I needed to do was to terminate her and handed her the letter.” Id, Ms. Day asked if she had any questions, and Ms. Begay did not ask any questions. Id,
7. Defendant’s counsel specifically asked Ms. Day, “[D]id you discuss with [Ms. Begay] the reasons for her termination?” Id., 10:40:47 CDT. Ms. Day replied that she did not, and the plaintiff did not ask any questions, but packed her things to leave at 4:30p.m, Id.
8. As of January 8, 2003, the plaintiff earned a wage of $16.22 per hour. Defs.’ Ex. E. The plaintiff testified that she received gross earnings in the approximate amount of $648.80 per week. The plaintiff was not employed at the time of Trial. Id,, 1:01:26 CDT.
DECISION
The Court previously noted that it conducts a de novo review of Administrative Review Process determinations made within the Executive Branch. Hope B. Smith v. Ho-Chunk Nation, SU 03-08 (HCN S.Ct., Dec. 8, 2003) at 9-10. However, the Court recognizes that it faces a difficult task when invited to substitute its opinion for certain discretionary decisions of the employer.[2] The defendants discharged the plaintiff on the basis of “infractions that occurred during [her] tenure in the position as Division Manager of Supportive Education.” Defs.’ Ex. C. Specifically, the defendant discharged the plaintiff for perceived violations of the Ho-Chunk Nation Personnel Policy and Procedures Manual (hereinafter Pers. Manual), including failure to carry out a direct order from a superior, except where the order is illegal or the employee’s safety may reasonably be jeopardized by the order; engaging in a conflict of interest activity; conduct that interferes with the management of the Tribal operations; making false, malicious, or unfounded statements against co-workers, supervisors, subordinates, or government officials which tend to damage the reputation or undermine the authority of those concerned; discourteous treatment of the public or other employees, including harassing, coercing, threatening or intimidating others; any act or conduct that is discriminatory in nature toward another person’s race, creed, color, national origin, sex, age, religious beliefs or political affiliations; and inefficiency, incompetence, or *340 negligence in the performance of duties, including failure to perform assigned tasks or training or failure to discharge duties in a prompt, competent, and reasonable manner. See, Pees. Manual, Ch. 12 at 55-56. All of these perceived instances were alleged in a five (5) page document.
The Court will generally defer to discretionary employment decisions provided that the employee has followed the appropriate grievance channels. Lonnie Simplot et al. v. HCN Dep't of Health, CV 95-05, -26-27, (HCN Tr. Ct., Aug. 29, 1995). Regardless, the plaintiff appropriately grieved the action.[3] Furthermore, the Court will not substitute its own judgment for a reasonable decision made by an enterprise of the Ho-Chunk Nation, which has more expertise in managing its own employees. Lonetree Sr. v. Holst et al., CV 97-127 (HCN Tr. Ct. Sept. 24, 1998) af'd, Lonetree Sr. v. Holst as Slot Director et. al., SU 98-07 (HCN S.Ct. Apr. 29, 1999). However, the Court declines to comment on the plaintiffs role in the underlying infractions because the plaintiff alleged within the Amended Complaint that she was denied due process and equal protection of the Ho-Chunk Nation laws. See Am. Compl. at 1-2.
Therefore, the Court will not delve into the difficult task of substituting its opinion for discretionary decisions made by the employer. However, the Court directs its attention to the defendants’ adherence to known constitutional requirements, which the Court is qualified to determine. Constitution, Art. X, § 1(a)(8). The employer must afford an employee due process prior to termination, and the Judiciary has clearly set forth the requisite minimum procedural due process protections within the case law. See, e.g., Margaret G. Garvin v. Donald Greengrass et al., CV 00-10, -38 (HCN Tr. Ct, Mar. 9, 2001) at 25-28. An employee must receive a “meaningful opportunity to be heard before their property can be taken away.” Gary Lonetree, Sr. v. John Holst, as Slot Dir., et al, CV 97-127 (HCN Tr. Ct., Sept. 24, 1998) at 10, aff'd, SU 98-07 (HCN S.Ct., Apr. 29, 1999) (emphasis added). The Court has never required the employer to refrain from completing a Disciplinary Action Form, including obtaining required signatures, until after it conducts a pre-termination meeting, but the result of the meeting cannot be a foregone conclusion. Garvin, CV 00-10, -38 (HCN Tr. Ct., Nov. 16, 2001) at 10.
In the instant case, the supervisor conducted the meeting as though the plaintiff had already been terminated. The plaintiff received a letter from Ms. Day al approximately 4:00 p.m. CST on January 8, 2003. LPER, July 31, 2003, 10:39:52 CDT. The Termination Letter indicated that the plaintiff was terminated for infractions that occurred during her tenure in the position as Division Manager of Supportive Education. Defs.’ Ex. C. At Trial, Ms. Day stated that she told the plaintiff that she needed to terminate her. Id., 10:40:30 CDT. Ms. Day asked if the plaintiff had any questions, and Ms. Begay received the letter and did not ask any questions. The defendant did not indicate that she was contemplating such disciplinary action as termination, and that the defendant was affording the plaintiff a “meaningful” opportunity to be heard. Asking if she had any questions, would likely imply about the termination. Or if asked, would you like to talk about it, would imply about the termination. Her *341 side of the story was not able to be heard. During Trial, the defendant’s counsel specifically asked Ms. Day, “did you discuss with [Ms. Begay] the reasons for her termination?” Id., 10:40:47 a.tn. CDT, Ms. Day replied that she did not, because the plaintiff did not indicate that she wanted to speak about anything. The plaintiff was gone by 4:30p.m. Id. The plaintiff then grieved the matter through the appropriate channels.
The Court accordingly holds that the plaintiffs discharge violated well-established standards of due process, and awards appropriate relief. See HCN R. Civ. P. 53. The Court directs the HCN Department of Treasury to deduct the amount of $10,000.00 from the Education Department budget, and issue a check for such amount, subject to applicable taxation, to the plaintiff within a period of thirty (30) days. The Court enters the maximum statutory amount as compensation for actual lost wages.'[4] Pers. Manual, Ch. 12 at 62. The Court further directs the HCN Department of Education to reinstate the plaintiff to a position with a comparable wage. Id at 67. The Personnel Department shall contact the plaintiff within a period of fourteen (14) days from the entry of this judgment to establish the timeline in relation to reinstatement. Finally, the Court orders the Personnel Department to remove negative references from the plaintiffs personnel file, award bridged service credit, and restore seniority. Id.
The parties retain the right to file a timely post-judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure (hereinafter HCN R.App. R), specifically [HCN R.App. P.f Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. HCN R. Civ. P. 61.

. The presiding judge extends her sincerest apologies and regrets to the parties for the failure of the Court to enter a timely decision in this matter. Each trial judge maintains a duty to ‘‘dispose promptly of the business of the court.” HCN Rules of Judicial Ethics, § 4-1(E); see also In the Matter of Timely Issuance of Decisions, Admin. Rule 04-09-05(1) (HCN S.Ct., Apr. 9, 2005) (requiring issuance of final judgments within ninety (90) days following completion of trial level process). In the interests of justice, the Court informs the parties of the availability of seeking mandamus relief from the Ho-Chunk Nation Supreme Court in order to compel action of a trial level judge. See In re: Casimir T. Ostwwski, SU 05-01 (HCN S.Ct., Feb. 21, 2005) (citing Constitution Of The Ho Chunk Nation, Art. Vil, § 6(a)). This case was originally assigned to former Chief Judge William H. Bossman. Chief Judge Bossman did not take any action on the case during his tenure, and it was reassigned to pro tempore Associate Judge Tina F. Gouty-Yellow who also did not take any action on the ease during her limited tenure, which expired on December 31, 2005.

. As a general rule, the Supreme Court was “not persuaded by the argument” that executive discretionary decisions were shielded or insulated from judicial scrutiny. Millie Deco-rah, as Fin. Dir. of the HCN, et al. v. Joan Whitewater, SU 98-02 (HCN S.Ct., Oct. 26, 1998) at 5.

. Within the Defendant’s Answer, a defense is raised that certain grievances were not filed timely. However, according to the Court’s calculations, the grievances were either filed timely or early. See, Pers. Manual, Ch. 12 at 61.

. At an approximate hourly wage of $16.22, the plaintiff sustained $10,000.00 of damages after sixteen (16) weeks, which would have been at the beginning of May 2003, or shortly following the filing of the defendant's amended responsive pleading.